

# United States Bankruptcy Court
# for the District of Oregon

**Albert E. Radcliffe, Chief Judge**  151 West Seventh Avenue, Suite 300  (541) 465-6802
Virginia H. Denney, Judicial Assistant  Post Office Box 1335  FAX: (541) 465-6899
Howard J. Newman, Law Clerk  Eugene, Oregon 97440

August 16, 2005

Mr. Bradley S. Copeland  Mr. Paul B. George
Arnold, Gallagher, Saydack  Foster Pepper Tooze, LLP
PO Box 1758  601 S. W. 2nd Avenue, Suite 1800
Eugene, OR 97440-1758  Portland, OR 97204-3171

Mr. David B. Mills
Hammons & Mills
115 West 8th Avenue, #280
Eugene, OR 97401

RE:  TROUTMAN INVESTMENT COMPANY; Case No. 602-69650-aer11
 TROUTMAN INVESTMENT CO. v. AOS INVESTORS, LLC., et al.,
 Adversary Proceeding No. 04-6083-aer
 Defendant Pony Mall 1998, LLC's (Pony Mall) Motion for Partial Summary Judgment

Counsel:

This letter is to announce my findings of fact and conclusions on the above-referenced motion.

This adversary was brought by Debtor for a declaration as to when the lease at the Pony Mall store in North Bend was rejected, the amounts payable to Pony Mall prior to rejection and whether Pony Mall unlawfully interfered with Defendant AOS Investors LLC's (AOS) designation rights.

AOS answered and cross claimed against Pony Mall for breach of the duty of good faith and fair dealing under a lease Amendment. Pony Mall answered the complaint and filed a separate answer to the cross-claim. It then filed the present motion for summary judgment against AOS on the cross-claim. AOS has not responded to the motion.

Facts:

The admissions in the pleadings and the unanswered requests for admissions filed in support of the motion,[1] indicate the following:

Pony Mall was Debtor's landlord at its North Bend store (the subject premises). The lease, dated June 20, 2000, was one of the leases subject to the March, 2003 designation rights order, whereby Alamo Group LLC (Alamo) bought the right to designate the assignee of the lease. Alamo subsequently assigned its rights to designate to AOS. AOS was responsible, under the designation rights agreement, for reimbursing Debtor for the carrying costs of the various leases under the designation rights order until assignment or rejection.

In July, 2003, Pony Mall and AOS entered into an Amendment to Lease Agreement (the Amendment). Under the Amendment, AOS was to be the assignee of the lease.[2] The proposed amendments to the lease were conditioned and effective upon an assignment of the tenant's rights by Debtor to AOS. The date of the assignment was delineated the "Effective Date". The Amendment named Ross Stores, Inc. (Ross) as a prospective sub-lessee. The underlying lease was terminable by written notice by Pony Mall or AOS, if Ross did not sign a sublease by September 30, 2003 and/or Ross was unable to obtain, by November 30, 2003, the permits necessary to renovate the premises.

On September 30, 2003, the lease was rejected. AOS made no payments after August 21, 2003 to reimburse Debtor for rent paid to Pony Mall.

No lease has been entered into between Pony Mall and Ross regarding the subject premises. No agreement was entered into between AOS and Ross regarding the subject premises. Ross has not entered into a sublease agreement with AOS as to the subject premises.

---

[1] Pony Mall served its request for admissions on November 4, 2004, and no response was submitted. Federal Rule of Civil Procedure 36 (made applicable by FRBP 7036), in pertinent part, provides:

> (a) Request for Admission. A party may serve upon any other party a written request for the admission ... of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact....The matter is admitted unless, within 30 days after service of the request...the party to whom the request is directed serves upon the party requesting the admission a written answer or objection....
>
> (b) Effect of Admission. Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission....

"[R]ule 36 allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact." Tillamook Country Smoker., Inc. v.Tillamook County Creamery Ass'n., 333 F. Supp.2d 975, 984 (D. Or. 2004) (citations and quotations omitted).

[2] In essence, AOS designated itself as assignee.

Pony Mall did not interfere with any business relations that AOS had with Ross. Pony Mall did not breach any obligation of good faith or fair dealing under the Amendment. Pony Mall took no affirmative acts to prevent the Effective Date, as defined in the Amendment, from occurring.

Summary Judgment Standards:

On a motion for summary judgment, the moving party has the burden to establish the absence of a material issue of fact for trial. FRCP 56(c). The substantive law governing a claim or defense determines whether a fact is material. T.W. Elec. Service., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). Material facts are such facts as may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L. Ed. 2d 202, __(1986). No genuine factual issue exists for trial where a nonmoving party rests on mere allegations or denials, or shows "some metaphysical doubt." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

With regard to a motion for summary judgment attacking the opposing party's claims or defenses (i.e. those for which the nonmovant has the burden of proof at trial), and assuming sufficient time for discovery, the movant may discharge his Rule 56 burden by submitting evidence affirmatively negating elements of the nonmoving parties' claims or defenses. Celotex Corporation v. Catrett, 477 U.S. 317, 332, 106 S. Ct. 2548, 2557, 91 L. Ed. 265, __ (1986) (Brennan, J)(dissent). Once the moving party has met its burden of production, the directed verdict standard comes into play, as the burden shifts to the nonmoving party to produce evidence sufficient to sustain a jury verdict on those issues for which it bears the burden at trial. Rebel Oil Co., Inc. v. Atlantic Richfield Co., 51 F.3d 1421, 1435 (9th Cir. 1995) (citing Celotex supra, at 324, 106 S.Ct. at 2553). This requires the nonmoving party to produce significant probative evidence. Anderson, supra at 249-50, 106 S. Ct. at 2511.

All inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Simone v. Manning, 930 F. Supp.1434 (D. Or. 1996). When different ultimate inferences can be reached summary judgment is not appropriate. Id.

Discussion:

The duty of good faith and fair dealing is implied in every contract. Pollock v. D.R. Horton, Inc.-Portland,190 Or. App.1, 11, 77 P.3d 1120, 1127 (2003). It cannot however vary an express term of a contract. Id. at 12, 77 P.3d at 1127. "Although it is impossible to define good faith in all circumstances, at its heart is each party's obligation to perform the contract, including exercising any discretion that the contract provides, in a way that will effectuate the objectively reasonable contractual expectations of the parties." Id. at 11, 77 P. 3d at1127.

By failing to respond to the request for admissions, AOS admitted that Pony Mall did not breach its duty of good faith and fair dealing under the Amendment. Whether there is a material breach of contract is ordinarily a question of fact. Pollock, supra. at 16-17, 77 P.3d at 1130. Therefore, the admission that there was no breach is sufficient to establish the absence of a

genuine issue of material fact and that Pony Mall is entitled to judgment as a matter of law on the cross-claim.[3]

                                         Very truly yours,

                                         ALBERT E. RADCLIFFE
                                         Bankruptcy Judge

AER:vhd

---

[3] A request for admission under Rule 36, and a resultant admission, are not improper merely because they, as here, relate to an "ultimate fact," or prove dispositive of the entire case... It follows that Rule 36 admissions, even those accruing upon a party's default in responding, may be sufficient independent grounds for summary judgment.

Cereghino v. Boeing Co, 873 F.Supp. 398, 403 (D. Or. 1994) (internal citations and quotations omitted).